**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: February 15, 2011.**

_____
H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| DEBORAH B. LANGEHENNIG<br>3801 S CAPITAL OF TEXAS HWY<br>SUITE 320<br>AUSTIN, TX 78704-6640 | Case No. 10-13382-HCM<br>Chapter 13<br><br>**ORDER CONFIRMING THE PLAN** |
| IN RE:<br>BYRON SCOTT MARKS<br>REBECCA KAY MARKS<br>265 LAZY BAR S RD<br>SOMERVILLE, TX 77879 | DEBTORS' ATTORNEY:<br>THE LAW OFFICES OF R.J. ATKINSON LLC<br>3617 WHITE OAK DRIVE<br>HOUSTON, TX 77007<br>(713) 862-1700 |

**ORDER CONFIRMING THE PLAN**

Having been considered by the Court, the Plan, or if applicable, the Amended Plan, filed by the Debtors on January 27, 2011 complies with all the provisions of Chapter 13 (11 U.S.C. 1301, et. seq.) and with all other applicable provisions of Title 11 of the United States Code; the Court concludes that the Plan should be confirmed, therefore,

IT IS ORDERED THAT:

1. The Plan is confirmed. The Debtors shall make payments for 60 months and the Plan base is $94,350.00. However, if the Plan calls for payment of 100% of the allowed unsecured claims, it shall continue for the lesser of the number of months called for in the Plan or the period of time necessary to pay the total amount of allowed claims provided for in the Plan.

2. The Debtors shall commence making payments not later than 30 days after filing of the Plan or the Order of Relief, whichever is earlier, and continuing each month thereafter until further order, the Debtors shall pay to the Trustee, Deborah B Langehennig, Chapter 13 Trustee, PO BOX 298, Memphis, TN 38101-0298 the sum of $1,500.00 monthly (or the variable payments, if applicable, noted below) or until $94,350.00 is paid into the Plan.

| Starting: | January 5, 2011 | $1,500.00 | Number of Months: | 2 |
|---|---|---|---|---|
| Starting: | March 5, 2011 | $1,575.00 | Number of Months: | UNTIL END OF PLAN |

However, should the Debtors become more than sixty (60) days delinquent in making such Plan payments to the Trustee, this case may be dismissed without further notice upon the submission of an Order for Summary Dismissal by the Trustee. Further, this Order is without prejudice to the right of any party to request an employer pay order at a subsequent date.

3. All of the disposable income of the Debtors shall be submitted to the payment of creditors of this estate from the beginning date of the first payment until the Plan may be terminated, and they will provide such information as may be requested by the Trustee to exhibit the disposable income.

4. The Debtors have represented by requesting confirmation that, as of the date of the confirmation hearing, they are current on all post-petition direct payments. Confirmation will preclude any right the Debtors may otherwise have to later seek modification of the Plan to deal with any pre-confirmation defaults on direct payments.

5. In addition, all secured creditors shall retain their liens to the extent they are not avoided or modified by specific Court Order.

6. Notwithstanding 11 U.S.C. Section 347 Unclaimed Property, a claim previously allowed may be disallowed pursuant to 11 U.S.C. Sec. 502 for failure to maintain a current address with the United States Bankruptcy Clerk or negotiate Chapter 13 Trustee checks within the time limit specified on the check. Funds previously allocated by the Plan for such claims will be paid to other allowed claims pursuant to the Debtors' Plan.

7. The balance of any income tax refund issued after the petition date and before the Debtors have made the final payment under the Plan or the Debtors' case is converted or dismissed, may be issued and delivered by the IRS directly to the Trustee. If the IRS returns the tax refund to the Debtors, the Debtors shall immediately forward the refund to the Trustee as additional disposable income, unless other use of such funds is approved by the Trustee or by the Court.

The base amount of the Plan shall be increased to include the amount of this additional receipt.

8. The Debtors' attorney is allowed a total attorney fee of $3,500.00 with $2,500.00 to be paid through the plan with an initial payment of $750.00 and subsequent monthly payments of $250.00.

**Special Language:**

The Debtors' attorney fees in this case are reduced from $3,800 to the benchmark fee of $3,500.

Confirmation Recommended By:

/s/ Deborah B. Langehennig
_____

Deborah B. Langehennig
3801 S Capital Of Texas Hwy, Suite 320
Austin, Tx 78704-6640

###